UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL DE JESUS LOPEZ AREVALO,

    Petitioner,

v.                        Case No.: 2:26-cv-00018-SPC-DNF

DAVID HARDIN *et al.*,

    Respondents,

## **OPINION AND ORDER**

Before the Court are Manuel de Jesus Lopez Arevalo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 13), and Lopez Arevalo's reply (Doc. 14). For the below reasons, the Court grants the petition.

Lopez Arevalo is a native and citizen of El Salvador. He entered the United States to seek asylum on January 31, 2016, was apprehended by Customs and Border Patrol, remained in detention for six months, and was released on bond on June 30, 2016. Lopez Arevalo filed an application for asylum, withholding of removal, and protection under the convention against torture on December 8, 2016. In November 2023, the Department of Homeland Security ("DHS") moved to dismiss the removal case against Lopez Arevalo as an act of prosecutorial discretion. An immigration judge granted the request on November 27, 2023. Lopez Arevalo has no criminal history.

On August 18, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Lopez Arevalo after he dropped his daughter off at school. The agents believed he looked like someone they were interested in. At a custody redetermination hearing on December 19, 2025, an immigration judge found he lacked jurisdiction to consider whether Lopez Arevalo should be released on bond, based on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and DHS's policy of applying 8 U.S.C. § 1225(b)(2) to all noncitizens present in the country without admission.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Lopez Arevalo. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Lopez Arevalo asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL

2

3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

The respondents also argue § 1225(b)(2) applies to Lopez Arevalo's current detention because he was detained at the border upon his entry in 2016. But applying § 1225(b)(2) to noncitizens years after they were apprehended at the border and released into the county does not comport with the policy justification for treating noncitizens in the country differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Lopez Arevalo's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Lopez Arevalo has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Lopez Arevalo before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases before this Court, the respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Lopez Arevalo to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Lopez Arevalo receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Manuel de Jesus Lopez Arevalo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Lopez Arevalo for an individualized bond hearing before an immigration judge or (2) release Lopez Arevalo under reasonable conditions of supervision.  If the respondents release Lopez Arevalo, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 15, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1